(R.D. 11210)

Leslie B. Canion, a/c Takara Company v. United States

Entry Nos. 1076–H; 11475–H.

(Decided August 3, 1966)

*Norman J. Bergman* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

Nichols, Judge: These appeals for reappraisement are before me on the following stipulations of counsel for the respective parties:

It is hereby stipulated and agreed, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the merchandise described on the invoices as barber chairs and mechanical hair dressing beauty chairs.

2. That the merchandise covered hereby was entered for consumption after February 27, 1958, the effective date of section 2 of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165); that none of the merchandise is identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act (T.D. 54521); that appraisement was accordingly made under section 402, Tariff Act of 1930, as amended by the Customs Simplification Act;

3. That at the time of exportation to the United States of the merchandise under consideration, barber chairs numbers 5, 560 and 700 were freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States at the following prices:

| | |
|---|---|
| #5 | $103.36 net, packed, F.O.B. Kobe |
| #560 | $142.88 net, packed, F.O.B. Kobe |
| #700 | $110.99 net, packed, F.O.B. Kobe |

4. That as to all chairs other than those listed in paragraph 3, at the time of exportation to the United States of the merchandise under consideration, neither such nor similar merchandise was freely sold or offered for sale in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, and they were not sold or offered for sale in the principal market of the United States for domestic consumption in the same condition in which they were imported.

5. That the constructed values of the chairs which are not listed under Par. 3 are the C.I.F. invoice unit prices less ocean freight and insurance, plus 4½%, packed.

6. That these appeals to reappraisement may be submitted on this stipulation and are limited to the merchandise and issues described above and are abandoned in all other respects.

On the agreed facts, I find and hold:

(1) That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of barber chairs Nos. 5, 560, and 700 and that said values are:

> $103.36 each, net, packed, f.o.b. Kobe for chair No. 5
> $142.88 each, net, packed, f.o.b. Kobe for chair No. 560
> $110.99 each, net, packed, f.o.b. Kobe for chair No. 700

(2) That constructed value, as that value is defined in section 402(d) of said tariff act, as amended, is the proper basis for the determination of the value of all chairs other than Nos. 5, 560, and 700 and that said values are the respective c.i.f. invoice unit prices, less ocean freight and insurance, plus 4½ percent, packed.

Judgment will be rendered accordingly.